IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

STEVEN BRADLEY                          §
                                        §
V.                                      §          CIVIL NO. 4:25-CV-866-P
                                        §
TARRANT COUNTY, TEXAS, ET AL.           §

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

This case is now before the Court for review of *pro se* Plaintiff Steven Bradley's civil suit. In this case, Plaintiff is proceeding *in forma pauperis* and, as such, his pleadings are subject to preliminary screening pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to this statute, the Court shall, *sua sponte*, dismiss a case proceeding IFP if the court determines that, *inter alia*, it is frivolous or fails to state a claim on which relief may be granted. *See id.*

On August 12, 2025, Bradley filed a Complaint [doc. 1] in the above-styled and numbered action. Subsequently, on August 19, 2025, the Court granted Plaintiff leave to proceed *in forma pauperis* [doc. 17]. That same day, the Court, after noting that two similar cases were recently consolidated with this case, ordered Plaintiff to file an amended complaint no later than September 3, 2025 [doc. 19]. On August 22, 2025, Plaintiff filed an Amended Complaint [doc. 20], which is the live pleading before this Court.

In his Amended Complaint, Plaintiff sues the following: (1) "Tarrant County, Texas (in official capacity); (2) "Justice of the Peace, Precinct 1, Tarrant County (in official capacity); and (3) "Tarrant County Clerk (in official capacity).) (Plaintiff's Amended Complaint ("Pl.'s Am. Compl." at 1-2.) Plaintiff alleges multiple state and federal constitutional claims, statutory and other claims against Defendants for denying him access to Tarrant County Justice of the Peace

Court, Precinct 1 ("JP Court, Precinct 1"). (*See* generally Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") Specifically, Plaintiff claims that his access to such court was denied when court staff forced him "to use an electronic filing system with . . . vulnerabilities" and refused to accept his in-person filing. (Pl.'s Am. Compl. at 2, 5.) Bradley attaches to his Amended Complaint several documents purporting to show his multiple attempts to efile a case in JP Court, Precinct 1 against Capital One Bank (USA), N.A. ("Capital One Bank") and the rejection of such attempts. (Pl.'s Am. Compl., Exhibit ("Ex.") 11.) Bradley seeks injunctive relief "requiring JP1 to accept his [in-person] filings and legal tender." (Pl.'s Am. Compl. at 7.)

Federal Rule of Civil Procedure ("Rule") 8(a)(2) directs that a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff, however, must plead specific facts, not mere conclusory allegations, to avoid dismissal. *See Schultea v. Wood*, 47 F.3d 1427, 1431 (5th Cir. 1995) (en banc); *see also Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) ("[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss" (internal quotation marks omitted)). Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me-accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In screening Bradley's case, the Court may rely on Bradley's complaint and attached documents as well as "'documents incorporated into the complaint by reference and matters of which a court may take judicial notice.'" *Benavides v. Harlingen Police Dep't*, No. 1:24-cv-179, 2025 WL 1477011, at *3 (S.D. Tex. Apr. 11, 2025) (quoting *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)); *see also* Fed. R. Evid. 201(f) advisory committee's note ("[J]udicial notice may be taken at any stage of the proceeding.").

2

Moreover courts have generally held that "there is no denial of access to courts if alternative means of assuring access to courts were available." *Williams v. Curtis*, No. 3:16-CV-151-D-BH, 2017 WL 979053, at \*6 (N.D. Tex. Jan. 18, 2017). In addition, "to prevail on an access to courts claim, a [claimant] must demonstrate prejudice or harm by showing that his ability to pursue a 'nonfrivolous,' 'arguable' legal claim was hindered by the defendants' actions." *Wilson v. Tex. Civ. Commitment Cent. Facility Dir.*, No. 5:20-CV-267-H-BQ, 2021 WL 2653528, at \*3 (N.D. Tex. May 11, 2021). In other words, Plaintiff "'must demonstrate that the lack of access has prevented him from filing or caused him to lose a pending case.'" *Id.* (quoting *Foreman v. Bowles*, No. 3:01-CV-2117-G, 2003 WL 21730136, at \*3 (N.D. Tex. Mar. 31, 2003)). "There is no constitutional violation when a [claimant] has time to submit legal documents in a court despite impediments caused by officials." *Russie v. Davis*, No. 2:17-CV-225-Z-BR, 2020 WL 6550502, at \*4 (N.D. Tex. Nov. 5, 2020). "A civil rights claim cannot be based on 'minor and short-lived impediments to access' in the absence of actual prejudice." *Id.* (citing *Chandler v. Baird*, 926 F.2d 1057, 1063 (5th Cir. 1991)).

Having reviewed the allegations in Plaintiff's Amended Complaint, the Court **FINDS and CONCLUDES** that Plaintiff has, as the very least, failed to state a claim for denial of access to the courts. While Bradley alleges that he has no alternative means to access the JP Court, Precinct 1, "to sufficiently plead an access-to-courts claim, even a non-prisoner[, such as Bradley,] must plead that 'official acts . . . may allegedly have caused the loss . . . of a meritorious case." *Sanders v. Rose*, 576 F. App'x 91, 94 (3rd Cir. 2014) (quoting *Christopher v. Harbury*, 536 U.S. 403, 416 (2002)). In this case, it is clear that any alleged acts by Defendants did not actually result in the *loss of Bradley's ability* to file a *meritorious* case in JP Court, Precinct 1. To begin with, a search of JP Court, Precinct 1's public court records, which this Court takes judicial notice of, shows that

3

Bradley, on September 11, 2025, successfully filed at least five pending cases in JP Court, Precinct 1.[1] One such suit filed by Bradley, case no. JP01-25-SC00017109, is against Capitol One Bank,[2] the same defendant that Bradley referenced in the exhibits attached to his Amended Complaint that he was allegedly not allowed to file suit against. The docket entry in this case in JP Court, Precinct 1 shows that the original petition was filed "IN PERSON/BY PLTF." (*See* Ex. B.) Thus, Bradley has been allowed to file his case in JP Court, Precinct 1 in person.

In addition, Bradley has failed to allege in his Amended Complaint any facts indicating that the underlying claim he was trying to file (and has now successfully filed) against Capital One Bank in JP Court, Precinct 1 is meritorious or nonfrivolous. *See, e.g.*, *Wilson*, 2021 WL 2653528, at *3 (stating that "to prevail on an access to courts claim a [claimant] must demonstrate prejudice by showing that his ability to pursue a nonfrivolous, arguable legal claim was hindered by the defendants' actions") (internal quotation marks omitted).) Consequently, the Court **FINDS and CONCLUDES** that Bradley has failed to state a valid claim upon which relief can be granted.

Because Plaintiff is proceeding *pro se*, his pleadings are entitled to more lenient scrutiny than pleadings drafted by lawyers. *See Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). However, the Court **FINDS and CONCLUDES** that no amount of liberal construction of Plaintiff's Amended Complaint could result in a legally cognizable claim in this Court. Moreover, Plaintiff has already been given one opportunity to file a complaint that is not frivolous and states a claim upon which relief can be granted. Accordingly, the Court **RECOMMENDS**

---

[1] *See* Exhibit ("Ex.") A, also available at https://portal-txtarrant.tylertech.cloud/PublicAccess/Search.aspx?ID=200 (last visited on September 24, 2025).

[2] *See* Ex. B, also available at https://portal-txtarrant.tylertech.cloud/PublicAccess/CaseDetail.aspx?CaseID=5945847 (last visited on September 24, 2025).

that this case be **DISMISSED** for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED
## FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF
## FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).

## ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **October 9, 2025,** to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED September 25, 2025.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

## Case Records Search Results

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search                                    Location : JP No. 1   Help

Record Count:  5
Search By: Party   Party Search Mode: Name   Last Name: Bradley   First Name: Steven   All All   Sort By: Filed Date

| Case Number | Citation Number | Style/Defendant Info | Filed/Location | Type/Status | Charge(s) |
|---|---|---|---|---|---|
| JP01-25-SC00017107 | | STEVEN BRADLEY vs. DISCOVERY BANK/ DISCOVER CARD | 09/11/2025 JP No. 1 | Small Claims Filed | |
| JP01-25-SC00017108 | | STEVEN BRADLEY vs. EXPERIAN INFORMATION SOLUTIONS, INC. | 09/11/2025 JP No. 1 | Small Claims Filed | |
| JP01-25-SC00017109 | | STEVEN BRADLEY vs. CAPITAL ONE BANK (USA), N.A. | 09/11/2025 JP No. 1 | Small Claims Filed | |
| JP01-25-SC00017110 | | STEVEN BRADLEY vs. MIKE CARLSON MOTOR COMPANY | 09/11/2025 JP No. 1 | Small Claims Filed | |
| JP01-25-SC00017111 | | STEVEN BRADLEY vs. JEFFERSON CAPITAL SYSTEMS, LLC | 09/11/2025 JP No. 1 | Small Claims Filed | |

EXHIBIT A

Skip to Main Content Logout My Account Search Menu New Civil Search Refine Search Back

**REGISTER OF ACTIONS**
CASE NO. JP01-25-SC00017109

| | |
|---|---|
| STEVEN BRADLEY vs. CAPITAL ONE BANK (USA), N.A. | § § § § § | Case Type: Small Claims<br>Date Filed: 09/11/2025<br>Location: JP No. 1 |

---

PARTY INFORMATION

| | | Lead Attorneys |
|---|---|---|
| Defendant | CAPITAL ONE BANK (USA), N.A.<br>211 E. 7TH STREET SUITE 620<br>AUSTIN, TX 78701 | |
| Plaintiff | BRADLEY, STEVEN<br>7108 ASHWORTH DR.<br>North Richland Hills, TX 76132 | |

---

EVENTS & ORDERS OF THE COURT

| | |
|---|---|
| | OTHER EVENTS AND HEARINGS |
| 09/11/2025 | Original Petition Filed (OCA Opening)<br>*IN PERSON/BY PLTF/KB/MLN* |
| 09/11/2025 | SMALL CLAIM<br>*CERTIFIED MAIL/TK9948900900276023814959/SERVE REGISTER AGENT: CORPORATION SERVICE COMPANY //MLN*<br>CAPITAL ONE BANK (USA), N.A.          Unserved |

---

FINANCIAL INFORMATION

| | | | |
|---|---|---|---|
| | Plaintiff BRADLEY, STEVEN<br>Total Financial Assessment<br>Total Payments and Credits<br>Balance Due as of 09/24/2025 | | 71.26<br>71.26<br>0.00 |
| 09/11/2025 | Transaction Assessment | | 54.00 |
| 09/11/2025 | Transaction Assessment | | 17.26 |
| 09/11/2025 | Counter Payment | Receipt # JP1-2025-06742 | BRADLEY, STEVEN | (71.26) |

EXHIBIT B